| Fill in this information to identify the case: | |
|---|---|
| Debtor name | SLM Services, LLC |
| United States Bankruptcy Court for the: | DISTRICT OF CONNECTICUT |
| Case number (if known) | 25-50514 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

SLM Services, LLC 's Plan of Reorganization, Dated September 22, 2025

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

  A. **Description and History of the Debtor's Business**

   The Debtor is a limited liability company. Since 2008, the Debtor has been in the business of providing horticultural services. Through the unauthorized action of a former employee of the Debtor, the Debtor entered into a large contract on a government project on extremely unfavorable terms. The contract caused very significant losses and exposed the Debtor to potential liability to the State of Connecticut. The Debtor abandoned the contract prior to completion. The Debtor is now operating on a cash flow positive basis and expects to be able to make the payments under the Plan.

  B. **Liquidation Analysis**

   To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

  C. **Ability to make future plan payments and operate without further reorganization**

   The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

   The Plan Proponent has provided projected financial information as Exhibit B.

   The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $320,936.71.

   The final Plan payment is expected to be paid in August 2030.

   The projections in Exhibit B are based on historical data and presume modest annual growth.

   **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **SLM Services, LLC** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:     __1__ classes of priority claims;

__13__ classes of secured claims;

__1__ classes of non-priority unsecured claims; and

__2__ classes of equity security holders.

Non-priority unsecured creditors will receive their pro rata share of Plan payments after payment of priority claims. This Plan also provides for the payment of administrative claims on the Effective Date.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

Debtor  **SLM Services, LLC**  Case number (*if known*) **25-50514**
Name

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under §507(a)(2) and priority tax claims under §507(a)(8). |
| | | The only priority claims are the allowed claims, if any, of the Connecticut Department of Labor. |
| 2.02 | **Class 2** | Each of the following secured creditors will be paid in accordance with its loan documents. |
| | | The claim of **Ally Financial [2.1]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Apex Commercial Capital [2.2]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Bank of America [2.3]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **First Commonwealth Equip Fin [2.4]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Ford Motor Credit [2.5]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Ford Motor Credit [2.6]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Ford Motor Credit [2.7]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Ford Motor Credit [2.8]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Kubota Credit Corporation [2.9]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Land Rover Financial Group [2.10]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **The Huntington National Bank [2.11]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **The Huntington National Bank [2.12]** to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of **Toyota Commercial Finance [2.13]** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4** | Equity interests of the Debtor. Stacey Marcell and EPIC Home, LLC |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid from the payments in the Plan before payments to non-priority unsecured creditors. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☑ Impaired<br>☐ Unimpaired | These claims will be paid from the quarterly payments under the Plan. |
| Class 2 – **Secured claim of**<br>**Ally Financial [2.1]**<br>**Apex Commercial Capital [2.2]**<br>**Bank of America [2.3]**<br>**First Commonwealth Equip Fin [2.4]**<br>**Ford Motor Credit [2.5]**<br>**Ford Motor Credit [2.6]**<br>**Ford Motor Credit [2.7]**<br>**Ford Motor Credit [2.8]**<br>**Kubota Credit Corporation [2.9]**<br>**Land Rover Financial Group [2.10]**<br>**The Huntington National Bank [2.11]**<br>**The Huntington National Bank [2.12]**<br>**Toyota Commercial Finance [2.13]** | ☐ Impaired<br>☑ Unimpaired | Each secured creditor will be paid in accordance with its loan documents on a current basis. |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Non-priority unsecured claimants will receive pro rata share of the quarterly payments set forth on Exhibit C after payment of priority claims. |
| Class 4 - **Equity security holders of the Debtor** | ☑ Impaired<br>☐ Unimpaired | Stacey Marcell will retain her equity in the company based upon her continuing efforts on behalf of the company. EPIC Home, LLC will receive nothing. |

### Article 5: Allowance and Disallowance of Claims

5.01  **Disputed Claim**  A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  **Delay of distribution on a disputed claim**  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  **Settlement of disputed claims**  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01  **Assumed executory contracts and unexpired leases**  (a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date:

Debtor's commercial lease for its headquarters at 25 Radel St., Bridgeport, CT (Expires 12/31/2028)

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

The Plan will be funded from the operations of the Debtor. Stacey Marcell will remain the manager of the Debtor.

### Article 8: General Provision

| 8.01 | Definitions and rules of construction | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
|---|---|---|
| 8.02 | Effective Date | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | Severability | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | Binding Effect: | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | Captions | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | Controlling Effect | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Connecticut govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| [8.07 | Corporate Governance | |

[8.08  **Retention of Jurisdiction**         The Court will retain jurisdiction until payments under this Plan have been fully made, notwithstanding substantial consummation of the Plan, including but not limited to the following purposes:

a) The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed for creditors' claims and listed debts. To the extent Debtor wishes to object to claims, such objections shall be filed on or before the deadline to submit ballots in connection with confirmation of the Plan.

b) The determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

c) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

d) The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

e) The enforcement and interpretation of the terms and conditions of this Plan.

f) The entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as this Court may deem necessary.

g) The entry of an order concluding and terminating this case.

h) Resolution of any disputes regarding Debtor's alleged default on its Plan obligations.

## Article 9: Discharge

**Debtor is a partnership under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

X /s/ Stacey Marcell                              Stacey Marcell
[Signature of the Plan Proponent]                 [Printed name]

X /s/ Jeffrey Hellman                             Jeffrey Hellman CT04102
[Signature of the Attorney for the Plan Proponent] [Printed name]